33491. JONES *v.* BOHANNON.

DECIDED APRIL 25, 1951.

*Will Ed Smith, William W. Daniel, White, Douglas & Arnold,* for plaintiff in error.

*C. Donald Lowrie, M. T. Hartman III,* contra.

GARDNER, J. The question here is: Did the petition, considering the contract made a part thereof, set forth facts showing any liability on the part of the defendant contractor as to the plaintiff, growing out of said contract? Properly construed, it appears from the allegations that the defendant, a building contractor, agreed to erect and construct a dwelling house for the plaintiff, the owner of the land, at a cost to the owner of $5500, and that any and all pay roll and material advances made by the plaintiff to the defendant or made to the defendant contractor by others and charged to the plaintiff's account, were to be credited against the contract price of $5500, the contractor to pay the difference. It appears that all advances made by the Coleman Hardware Company, evidently a materialman, directly to the contractor, were made under an arrangement and agreement whereby the plaintiff would be liable therefor; that the plaintiff has paid the amount advanced by said hardware company to the defendant (as he was legally obligated to do), which amounted to $7316.74, less $169.79 advanced directly by the plaintiff to the defendant; that the contractor agreed to build and complete the house for $5500, that the contractor expended $2316.74 more than what he agreed to construct this house for, which the plaintiff was legally bound to, and did pay. In other words, it appears that the dwelling of the plaintiff, built by the defendant contractor, cost the plaintiff $7316.74, that the defendant contractor had contracted to build the house at a cost to the plaintiff of $5500, and that the plaintiff had been damaged in the sum of $2316.74, the amount sued for. It appears, therefore, that the contractor failed to live up to and

perform his contract with the plaintiff to build this house for $5500, and that because of this the plaintiff had to expend the sum of $2316.74 more than the contract price for the erection of his house. Therefore, the defendant has damaged the plaintiff in the sum of $2316.74 by reason of his failure to perform this contract, that is, to build this house for the contract price of $5500. While the contract itself provides that "the contractor agrees to provide all the materials and labor and to perform all the work shown on the" plans, the contract also provides that the "total amount of pay rolls or any other advances to be deducted from the principal when job is completed, inspected and accepted," and the contention of the defendant that this contract had been departed from, under the allegations of the petition, when it appeared that the plaintiff made cash advances to the said contractor, and also credit advances through the hardware company, all of which went into the construction of the house, is not well taken. Properly construed, the materials advanced by the hardware company were for the building of this house under this contract and while the plaintiff agreed to pay therefor, the agreement was between the defendant contractor, the plaintiff owner, and the hardware company, and this was not such a separate undertaking by the plaintiff as constituted a departure from the contract. This was an agreement which grew out of the contract of the defendant to build this house for $5500.

There is no fraud alleged for misappropriation of funds by the contractor. There is no element of money had and received by the contractor. There seems to be no principle of law, as admitted by counsel for the contractor, which would allow the plaintiff to recover the amount sued for, unless it be for a breach of contract. Counsel for the contractor contends that the plaintiff has no remedy at law at all. As to this contention of counsel for the defendant we can not agree. We are convinced that, under the allegations of the petition, the contractor breached his contract and the plaintiff has a remedy against him for such breach, as the allegations of the petition plainly set forth.

The court erred in sustaining the general demurrers and in dismissing the petition.

*Judgment reversed. MacIntyre, P.J., and Townsend, J, concur.*